UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNELL A. LEAVY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | Case No.　1:22-cv-00915-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DECLINE TO ISSUE CERTIFICATE OF APPEALABILITY [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

## I.　STATUS

Petitioner Carnell A. Leavy ("Petitioner" or "Leavy"), a state prisoner, is proceeding pro se on his Petition for Writ of Habeas Corpus filed under 28 U. S.C. § 2254 on July 25, 2022. (Doc. No. 1, "Petition"). Petitioner challenges his conviction arising from his no contest plea to assault with a deadly weapon while in custody in violation of California Penal Code § 4501(b). (Case No. DF015287B).  (Doc. No. 12-1 at 153; *see id.* at 23-26). Pursuant to a plea agreement, the Kern County Superior Court sentenced Petitioner to four years imprisonment. (*Id.* at 153; *see id.* at 27-32,75).

On September 1, 2021, the Fifth Appellate District Court rejected Petitioner's argument

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1

that the four-year sentence was illegal and affirmed his conviction. (Case No. F082261). (Doc. No. 12-1 at 152-55). There is no indication in the record that Petitioner sought review of the appellate court's decision in the California Supreme Court. (*See generally* Doc. No. 12-1).

Petitioner filed a state petition for writ of habeas corpus in the Kern County Superior Court on December 1, 2020. (Case No. HC016767A). (Doc. No. 12-1 at 158-73). The court denied the petition on December 21, 2020. (*Id.* at 156-57). Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on September 27, 2021. (Case No. S271065). (Doc. No. 12-1 at 176-98). While the first petition remained pending, Petitioner filed a second petition in the same court on October 27, 2021. (Case No. S271495). (*Id.* at 200-24). The court summarily denied both petitions on December 15, 2021. (*Id.* at 175, 199).

Although not entirely clear, the instant federal Petition appears to present the following (restated) grounds for relief:

> (1) The trial court erred when it "allowed Petitioner to improperly plead to a 1995 prior, upon which Petitioner had never been convicted/sentenced of in 1995."
>
> (2) Trial counsel failed to provide effective assistance when he failed to investigate and object to the use of the 1995 priors.
>
> (3) The application of a sentencing enhancement was unlawful because Petitioner's priors occurred over twenty-five years earlier and Petitioner had not been released from prison since his prior conviction.

(*See* Doc. No. 1 at 5-7). Respondent filed an Answer (Doc. No. 13), arguing Petitioner was not entitled to relief on any of his grounds, and lodged the state court record in support (Doc. Nos. 12, 12-1). Petitioner filed a traverse. (Doc. No. 14). This matter is deemed submitted on the record before the Court. After careful review of the record and applicable law, the undersigned recommends the district court deny Petitioner relief on his Petition and decline to issue a certificate of appealability.

## II.    GOVERNING LEGAL PRINCIPLES

### A.    Evidentiary Hearing

In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true,

2

would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Here, this Court finds that the pertinent facts of this case are fully developed in the record before the Court; thus, no evidentiary hearing is required. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

### B.   ADEPA General Principles

A federal court's statutory authority to issue habeas corpus relief for persons in state custody is set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA requires a state prisoner seeking federal habeas relief to first "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). If the state courts do not adjudicate the prisoner's federal claim "on the merits," a *de novo* standard of review applies in the federal habeas proceeding; if the state courts do adjudicate the claim on the merits, then AEDPA mandates a deferential, rather than *de novo*, review. *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1604 (2016). This deferential standard, set forth in § 2254(d), permits relief on a claim adjudicated on the merits, but only if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and intentionally difficult to satisfy. *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018); *White v. Woodall*, 572 U.S. 415, 419 (2014).

"Clearly established federal law" consists of the governing legal principles in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 572 U.S. at 419. Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the

3

1  Supreme Court when faced with materially indistinguishable facts. *Mitchell v. Esparza*, 540 U.S.
2  12, 16 (2003).

3  A state court decision involves an "unreasonable application" of the Supreme Court's
4  precedents if the state court correctly identifies the governing legal principle, but applies it to the
5  facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S.
6  133, 134 (2005), or "if the state court either unreasonably extends a legal principle from
7  [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to
8  extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362,
9  407, (2000). "A state court's determination that a claim lacks merit precludes federal habeas
10  relief so long as fair-minded jurists could disagree on the correctness of the state court's
11  decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The petitioner must show that the
12  state court decision "was so lacking in justification that there was an error well understood and
13  comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

14  When reviewing a claim under § 2254(d), any "determination of a factual issue made by a
15  State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting
16  the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt
17  v. Titlow*, 571 U.S. 12, 18 (2013) ("[A] state-court factual determination is not unreasonable
18  merely because the federal habeas court would have reached a different conclusion in the first
19  instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

20  Even if a petitioner meets AEDPA's "difficult" standard, he must still show that any
21  constitutional error had a "substantial and injurious effect or influence" on the verdict. *Brecht v.
22  Abrahamson*, 507 U.S. 619, 637 (1993). As the Supreme Court explained, while the passage of
23  AEDPA "announced certain new conditions to [habeas] relief," it didn't eliminate *Brecht's* actual-
24  prejudice requirement. *Brown v. Davenport*, 596 U.S. 118, 134 (2022). In other words, a habeas
25  petitioner must satisfy *Brecht*, even if AEDPA applies. *See id.* at 138 ("[O]ur equitable
26  precedents remain applicable 'whether or not' AEDPA applies.") (*citing Fry v. Pliler*, 551 U.S.
27  112, 121 (2007)). In short, a "federal court must deny relief to a state habeas petitioner who fails
28

4

to satisfy either [*Brecht*] or AEDPA. But to grant relief, a court must find that the petition has cleared both tests." *Id*. at 134.

As discussed *supra*, for the deferential § 2254(d) standard to apply there must have been an "adjudication on the merits" in state court. An adjudication on the merits does not require that there be an opinion from the state court explaining the state court's reasoning. *Richter*, 562 U.S. at 98. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 99-100. This presumption applies whether the state court fails to discuss all the claims or discusses some claims but not others. *Johnson v. Williams*, 568 U.S. 289, 293, 298-301 (2013).

While such a decision is an "adjudication on the merits," the federal habeas court must still determine the state court's reasons for its decision in order to apply the deferential standard. When the relevant state-court decision on the merits is not accompanied by its reasons,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The federal court "looks through" the silent state court decision "for a specific and narrow purpose—to identify the grounds for the higher court's decision, as AEDPA directs us to do." *Id*. at 1196.

### III.    RELEVANT FACTUAL BACKGROUND

The Court adopts the pertinent facts of the underlying offenses, as summarized by the California Fifth District Court of Appeal. A presumption of correctness applies to these facts. *See* 28 U.S.C. § 2254(e)(1); *Crittenden v. Chappell*, 804 F.3d 998, 1010-11 (9th Cir. 2015).

5

> On July 31, 2019, at Kern Valley State Prison, Corrections Officer Andres Fernandez observed inmates Leavy and [co-defendant Marcelle] Gray engaged in a fist fight with inmate Loera. When ordered to stop by the guards, Leavy separated and was seen throwing an unknown object over the wall into a parking lot.

(Doc. No. 12-1 at 154).

## IV.   ANALYSIS

### A.   Standard of Review

As an initial matter, the undersigned must address the appropriate standard of review to apply to Petitioner's claims.  Petitioner failed to complete and include the portion of the habeas form addressing whether he had exhausted his federal claims by first filing them in the state court. (*See* Doc. 1 at 1-10).  In the order requiring a response, the undersigned ordered Respondent to "respond to each ground and argument raised in *the petition* and show cause why the petition should not be granted."  (Doc. 6 at 1-2 (emphasis added)).  The undersigned instructed that if Respondent filed an Answer, "in addressing the merits of **each** ground," he "must identify" (1) where each ground was raised in the state court record; (2) the reasons the state court denied the ground; (3) the legal citations that the state court relied on in denying the ground; and (4) a pinpoint citation to the state court record and a copy of the state court opinion(s) addressing the ground.  (*Id.* at 2).

Rather than specifically addressing the claims raised in the instant Petition, Respondent's Answer addresses the claims raised to the California Supreme Court in the state habeas petition and indicates he "does not waive Congress's protection from what creative judges might distill from vague objections the Petition may make;" does not concede "the claims in the Petition, whatever this Court may find them to be, are exhausted;" and argues "if lack of fair presentation has caused improper exhaustion of a claim, it is barred."  (Doc. 13 at 1-2 (cleaned up)).  However, Respondent also asserts "[a] claim may be denied for lack of merit in any event, and this Court is barred from needlessly prolonging this federal habeas case—i.e., prolonging proceedings instead of just denying the writ once any plain basis for denial appears."  (*Id.* at 2 (footnotes omitted)).

Respondent's identification of and response to the claims raised in the *state* petition rather than claims raised in the instant petition is contrary to the Court's order requiring a response.

Additionally, Respondent's "throw everything in the kitchen sink" approach makes it unclear whether his position on each of the claims is that they are unexhausted, noncognizable, or fail on the merits. In the absence of clear argument from Respondent and because the undersigned's independent review of the state court record reveals Petitioner's claims are meritless, the undersigned applies *de novo* review. Such is appropriate as "[c]ourts can … deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010). Similarly, even an unexhausted claim can be denied when it is meritless. *See* 28 U.S.C. § 2254(b)(2).

### B. Merits Analysis

Petitioner challenges his conviction and sentence because (1) his plea was based on an "improper" 1995 prior conviction that did not occur; (2) he received ineffective assistance of counsel because his counsel failed to investigate and object to the 1995 prior; and (3) the application of the sentencing enhancement was improper when his prior conviction occurred twenty-five years earlier and he had not been released from prison since the prior conviction. (Doc. No. 1 at 5-7).

#### 1. Ground One-Voluntary and Intelligent Plea

Petitioner first challenges the acceptance of his plea based on the "improper" 1995 prior conviction. Under California law, Petitioner's nolo contendere plea "shall be considered the same as a plea of guilty and … the court shall find the defendant guilty." Cal. Pen. Code § 1016. Thus, Leavy must overcome the "well settled [general principle] that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson,* 467 U.S. 504, 508 (1984). This is because, a voluntary and intelligent plea forecloses federal habeas review of constitutional errors alleged to have occurred prior to the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). It also waives any claim of ineffective assistance of counsel that occurred prior to entry of the plea unless it is shown that counsel's faulty advice coerced the plea. To satisfy due process, the court

must satisfy itself that the plea is made voluntarily, knowingly, and intelligently. *See Haring v. Prosise,* 462 U.S. 306, 319 (1983) (Since "a guilty plea is not simply 'an admission of past conduct,' but a waiver of constitutional trial rights such as the right to call witnesses, to confront and cross-examine one's accusers, and to trial by jury," the plea " 'not only must be voluntary but must be [a] knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances and likely consequences.' " (quoting *Brady v. United States,* 397 U.S. 742, 747–48 (1970)). A factual basis is necessary for accepting of a guilty plea by a trial court when a defendant proclaims his innocence and yet pleads guilty. *North Carolina v. Alford,* 400 U.S. 25, 38 & n. 10 (1970). Although a defendant's statements during a plea colloquy are not insurmountable, "the representations of the defendant [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Here, there is no indication that Petitioner's plea was not voluntary and intelligent. Prior to entering his plea, Petitioner executed a Felony Advisement of Rights, Waiver and Plea Form ("Waiver"), which indicated he agreed to plead to an amended count one, listed prior 1995 convictions, and listed the agreed sentence of "2 yrs doubled b/c prior strike for 4 yrs." (Doc. 12-1 at 27-30). The Waiver also included advisements regarding the consequences of a plea and Petitioner's constitutional rights, with a spot where Petitioner initialed next to each advisement. (*Id.*). The Waiver included specific statements indicating the waiver of rights, which Petitioner also initialed. (*Id.* at 30). The trial court confirmed Petitioner went over the Waiver with his counsel before signing and initialing it, and that Petitioner understood and waived his rights. (*Id.* at 62-63). The Court accepted Petitioner's no contest plea and admission to the five prior strikes alleged in the complaint, and found the waiver was knowing, intelligent and voluntary. (*Id.* at 64-65).

In light of the Waiver and Petitioner's statements in the trial court, there is simply no indication that his plea—including the admission to the 1995 priors he now challenges—was not knowing and voluntary. Thus, Petitioner is not entitled to relief on ground one and the

1  undersigned recommends this ground be denied.

### 2. Ground Two-Ineffective Assistance of Counsel

Petitioner's ground two alleges he received ineffective assistance of counsel.

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

To establish deficient performance by counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.*, at 689.  This burden requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.

With respect to prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*, at 693.  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S. Ct. 2052.  In the guilty plea context, to show prejudice under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The only alleged deficient performance Petitioner points to is counsel's failure to investigate and object to the 1995 prior conviction.  (Doc. 1 at 6).  However, Petitioner's argument that he was never sentenced in 1995 is contradicted by the documents he submitted with the Petition, specifically a September 27, 1995 Abstract of Judgment from the Madera County Superior Court. (*See* Doc. 1 at 14).  This Abstract reflects that Petitioner was convicted for

murder, attempted murder, and attempted robbery on March 4, 1994 in Case No. 11725, but a sentencing hearing was held and the Abstract filed in September 1995. (*Id.*). Petitioner admits that he was convicted in March 1994. (*Id.* at 5). Because there is no dispute that Petitioner was convicted of the prior offenses—and the only "dispute" here concerns whether he was sentenced in 1994 or 1995—counsel did not perform deficiently in failing to object to the priors.

Even if counsel had performed deficiently, Petitioner cannot show prejudice because he cannot establish he would not have entered a plea but for counsel's error. As discussed above, the Waiver Petitioner signed specifically lists his prior convictions as occurring in 1995 and indicates that Petitioner admits the prior convictions listed. (Doc. No. 12-1 at 27-30). The Plea Waiver is signed and initialed by Petitioner. (*Id.*). Thus, Petitioner knew of the alleged error in the year of the prior convictions *before* entering his plea, but he still admitted to them. There is simply no evidence to support that Petitioner would not have entered the plea if counsel had further investigated the prior convictions.

Because Petitioner cannot establish either prong of the *Strickland* test, his ineffective assistance claim fails, and he is not entitled to relief. Thus, the undersigned recommends ground two be denied.

### 3. Ground Three-Application of Sentencing Enhancement

Petitioner's third ground challenges the application of the sentencing enhancement based on his prior convictions.

As indicated in the Waiver and by the trial court during the hearing, Petitioner agreed to a four-year sentence based on a lower term of two years doubled to four years based on his prior convictions. (*See* Doc. 12-1 at 27, 57-58, 62-63). In accordance with this agreement, Petitioner's Abstract of Judgment reflects he was sentenced "per PC 667(b)-(i) or PC 1170.12 (strike prior)" for a total of four years. (*Id.* at 75).

The application of Penal Code § 667 is a question of state sentencing law. *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). However, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). While Petitioner vaguely asserts that the application of the sentencing enhancement violated his due process rights,

he fails to cite any supporting authority or further expand on how the enhancement violated his due process rights. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). This is especially problematic given that the four-year total sentence is exactly what Petitioner bargained for and agreed to as indicated in the Waiver.

Ultimately, Petitioner's challenge to the application of Penal Code § 667 is a state law issue that is not cognizable on federal habeas review. Thus, the undersigned recommends that ground three be denied.

## V. CERTIFICATE OF APPEALABIILTY

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner has not made a substantial showing of the denial of a constitutional right, the undersigned recommends that the court decline to issue a certificate of appealability.

Accordingly, it is **RECOMMENDED**:

1. Petitioner be DENIED all relief on his Petition for Writ of Habeas Corpus (Doc. No. 1); and

2. Petitioner be denied a certificate of appealability.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District

1. Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
2. after being served with a copy of these Findings and Recommendations, a party may file written
3. objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned,
4. "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**
5. **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party
6. wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its
7. CM/ECF document and page number, when possible, or otherwise reference the exhibit with
8. specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by
9. the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §
10. 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the
11. waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     July 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE